United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41553
Summary Calendar
_____

UNTIED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RUDOLFO ANGON-ZAMUDIO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-449-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Rudolfo Angon-Zamudio ("Angon") pleaded guilty to one count
of illegally re-entering the United States following deportation.
Over Angon's objection, which was based on Blakely v. Washington,
542 U.S. 296 (2004), the district court enhanced Angon's sentence
because he had previously been deported following a felony drug
trafficking conviction.  Angon was sentenced to a 41-month term
of imprisonment.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Angon, relying on <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), argues that the district court committed reversible error by imposing sentence pursuant to a mandatory application of the Sentencing Guidelines.  The Government concedes that Angon's <u>Blakely</u> objection in the district court preserved the error.

Angon contends that the district court committed "structural error," that is not susceptible to harmless error analysis.  As Angon concedes, however, this court has rejected the argument that a <u>Booker</u> error or the application of the then-mandatory guidelines is a structural error.  <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 194 (2005).

Angon also contends that the district court's error was not harmless.  It is the Government's burden to "show that the sentencing judge would have imposed the same sentence under an advisory sentencing scheme."  <u>United States v. Pineiro</u>, 410 F.3d at 286.  Our review of the record shows that the Government correctly concedes that the error was not harmless.  Accordingly, we will vacate Angon's sentence and remand for resentencing.

Angon challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Angon contends that his conviction should be reduced to one under 8 U.S.C. § 1326(a)(2) and the

judgment reformed to reflect conviction only under that provision.

Angon's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Angon contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Angon properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.